UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/30/2020__
```

DANIEL LUNA,

                              Plaintiff,

            -against-

CITY OF NEW YORK; HEALTH & HOSPITALS
CORPORATION; ANGELA NEWMAN; OLSEN
MONTOYA,

                              Defendants.

20-CV-2692 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

Plaintiff Daniel Luna, appearing *pro se* brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that his employer discriminated against him based on his gender. The Court construes Plaintiff's allegations as also asserting related state-law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F. 3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). By order dated April 7, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of New York, Health & Hospitals Corporation, Angela Newman, and Olsen Montoya through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York, Health & Hospitals Corporation, Angela Newman, and

Olsen Montoya and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 30, 2020
         New York, New York

_____
             VALERIE CAPRONI
         United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      City of New York
        100 Church Street
        New York, New York 10007

2.      New York City Health & Hospitals Corporation
        125 Worth Street
        New York, New York 10013

3.      Angela Newman
        c/o Lincoln Hospital
        234 E. 149th Street
        Bronx, New York 10451

4.      Olsen Montoya
        c/o Lincoln Hospital
        234 E. 149th Street
        Bronx, New York 10451