

**THE CITY OF NEW YORK**

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALANA R. MILDNER**
Labor and Employment Law Division
Phone: (212) 356-1177
Fax: (212) 356-2439
Email: amildner@law.nyc.gov

September 29, 2020

**MEMO ENDORSED**

**BY ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Luna v. City of New York et al.
     Civil Action No. 20-CV-2692 (VEC)(KHP)
     Law Dept. No.: 2020-021359

Dear Magistrate Judge Parker:

  I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendants City of New York and New York City Health + Hospitals[1] in the above-referenced proceeding. I write to request that the Court stay discovery in this proceeding and adjourn the initial conference scheduled for October 22, 2020 until a decision has been issued on Defendants' Motion to Dismiss the Complaint.

  On August 10, 2020, Defendants moved to dismiss the Complaint in its entirety on the grounds that Plaintiff fails to state a Title VII claim of a gender-based hostile work environment or retaliation, that the doctrine of election of remedies bars any state and city law claims, and that the City of New York was not Plaintiff's employer and therefore, is not a proper party. Plaintiff has not yet responded to Defendants' motion. On September 28, 2020, the *pro se* Plaintiff informed me that due to a recent change in address, he did not receive mailed copies of Defendants' motion papers. Plaintiff informs me that he will notify the Court of his new address and seek an extension of time to respond to Defendants' motion. Defendants consent to this extension.

---

[1] Plaintiff has also named Angela Newman and Olsen Montoya as defendants in this matter. Upon information and belief, these defendants have not been served. Even if these individuals had been served, however, there is no individual liability under Title VII and to the extent the Complaint is interpreted to include state and city human rights law claims, such claims are barred by the doctrine of election of remedies.

   Courts have found good cause for protective orders staying discovery when there is a pending dispositive motion, the stay is requested for a short period of time, and the opposing party will not be prejudiced. *See Boelter v. Hearst Communs.*, 15 Civ. 03934 (AT), 2016 U.S. Dist. LEXIS 12322, at *13 – 14 (S.D.N.Y. Jan 28, 2016) (citing *Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).  Here, Defendants have filed a dispositive motion and are seeking a stay pending the outcome of that motion.  If Defendants' motion is not granted in its entirety, Plaintiff will not be prejudiced by this brief stay of discovery.  Moreover, the documents that Plaintiff is likely to seek in discovery are maintained by Defendant New York City Health + Hospitals, whose resources are needed to respond to the ongoing coronavirus pandemic.

   Accordingly, Defendants respectfully request that discovery in this matter be stayed until a decision is issued on Defendants' motion to dismiss. I thank the Court for its attention to this matter.

                Respectfully submitted,

                /s/

                Alana R. Mildner
                Assistant Corporation Counsel

cc: **By First-Class Mail**
Daniel Luna
Plaintiff *Pro Se*
1500 Noble Avenue, Apt. 18D
Bronx, New York 10460

---

**APPLICATION DENIED:** The parties shall engage in written discovery.  Depositions may be postponed until after a ruling on the motion to dismiss.
**The Clerk of Court is requested to mail a copy of this endorsement to the Plaintiff at the following addresses:**

**Daniel Luna:**
**1500 Noble Avenue, Apt 18D**
**Bronx, NY 10460**

**541 Bronx River Road**
**Apt. F4**
**Yonkers, NY 10704**

*/s/ Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge
**09/30/2020**